IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>ARCHITECTURAL DOOR SYSTEMS, INC., LISA L. CAMERON; and RANDALL K. CAMERON,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT<br><br><br><br>Case No. 2:11-CV-934 TS |

This matter is before the Court on Plaintiff's Motion for Default Judgment.[1] Plaintiff also requests the Court issue a writ of replevin for a number of assets in Architectural Door Systems, Inc.'s ("ADS") possession, for which Plaintiff has a first priority security interest. For the reasons discussed below, the Court will grant Plaintiff's Motion.

I. DEFAULT JUDGMENT

Plaintiff filed its Complaint on October 6, 2011, seeking to collect amounts owed to it under a delinquent line of credit extended to ADS. Defendants Lisa L. Cameron and Randall K.

---

[1]Docket No. 19.

1

Cameron are guarantors for Defendant ADS's obligations. Defendants were served with copies of the Summons and Complaint on October 24, 2011. Defendants have not answered or otherwise responded to the Complaint. On February 3, 2012, the Clerk entered Default Certificates against the Cameron Defendants. On February 6, 2012, the Clerk entered a Default Certificate against ADS.

On October 11, 2012, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Default Judgment Against Lisa L. Cameron and Randall K. Cameron. In its notice, Plaintiff indicated that the Cameron Defendants filed a petition for bankruptcy relief and, therefore, Plaintiff withdrew its request for default judgment against those Defendants. While withdrawing its claims against the guarantors, Plaintiff expressed its desire to maintain its claims against ADS.

In declarations filed on February 3, 2012, Plaintiff established the amount owed under the agreements, as of January 24, 2012, to be $282,110.55 and that the expenses and fees in connection with this action are $2,130.50. Interest continues to accrue after that date at the rate set forth in the parties' agreement ($36.07 per day). Thus, Plaintiff is entitled to an entry of default judgment in the amount of $296,108.08.

## II. WRIT OF REPLEVIN

Planitiff's Motion for Default Judgment contains a request that the Court grant a writ of replevin so that it may repossess certain collateral that was conveyed to it in exchange for the line of credit. In order to obtain a writ of replevin, Plaintiff must establish that 1) it is entitled to possession and (2) that the defendant wrongfully detains the property.[2]

---

[2]*See* Utah R. Civ. P. 64B(b)(1)-(2).

      Pursuant to the agreement, ADS granted Plaintiff a security interest in the following assets:

> all accounts (including health care insurance receivables), deposit accounts, contract rights, chattel paper (whether electronic or tangible), commercial tort claims, instruments, promissory notes, investment property, general intangibles (including payment intangibles and software), letter of credit rights, letters of credit, and other rights to payment of every kind now existing or at any time hereafter arising;
> all Inventory;
> all Equipment;
> all Documents of Title;
> all Farm Products;
> all Titled Goods; and
> all money and investment property (including securities and financial assets), heretofore, now or hereafter delivered to or deposited with Bank or otherwise coming into the possession, custody or control of Bank (or any agent or bailee of Bank) in any manner or for any purpose whatsoever during the existence of the Agreement and whether held in a general or special account or deposition for safekeeping or otherwise.

This security interest was perfected with the Utah Department of Commerce. Defendant ADS failed to make payment on the revolving line of credit. Article 9 of the Uniform Commercial Code gives Plaintiff the right to repossess the above-listed assets in the event Defendant ADS defaults on the line of credit. As Defendant ADS has defaulted on the line of credit, Plaintiff is entitled to possession. Plaintiff has put forward evidence that ADS has wrongfully detained the above-listed assets. Therefore, Plaintiff is entitled to a writ of replevin.

### III. CONCLUSION

Based on the above it is hereby

ORDERED that Plaintiff's Motion for Entry of Default (Docket No. 19) in the amount of $296,108.08 is GRANTED. It is further

ORDERED that the Clerk of Court issue a Writ of Replevin for the collateral listed above, currently in possession of Defendant ADS. The Clerk of Court is instructed to close this case forthwith. If Plaintiff desires to reassert its claims against the Cameron Defendants after the completion the bankruptcy proceedings, it may file a motion to reopen this case at that time.

DATED December 18, 2012

BY THE COURT:

TED STEWART
United States District Judge